**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re:<br><br>QSR Steel Corporation, LLC,<br><br>　　　　Debtor. | Chapter 11<br><br>Case No. 24-20562 (JJT)<br><br>Re: ECF No. 438 |

**MEMORANDUM OF DECISION AND**
**<u>ORDER APPROVING IN PART AND DENYING IN PART FINAL</u>**
**<u>APPLICATION FOR COMPENSATION</u>**

Before the Court is the Final Application for Compensation (ECF No. 438) of the Debtor's Accountant, CBIZ, Inc. (CBIZ). The U.S. Trustee filed its statement of No Objection (ECF No. 459) on June 23, 2025. A hearing was held on the Application on July 3, 2025, as the Debtor filed an Objection to Final Application of CBIZ, Inc. ("Objection") for Compensation and Reimbursement of Expenses Incurred for the Period from June 18, 2024 through April 30, 2025. (ECF No. 504) That hearing was continued at the behest of Debtor's counsel. A final hearing was later held on August 7, 2025, and the matter was taken under advisement after consideration of the aforesaid Objection. For the reasons that follow, the Final Application is in part DENIED and in part APPROVED subject to the provisions outlined in this Decision.

The Debtor partook in a lengthy and contested bankruptcy under Subchapter V of Chapter 11 of the Bankruptcy Code, beginning with its filing on June 18, 2024 (ECF No. 1). On April 28, 2025, this Court entered an Order Confirming Debtor's

First Amended Subchapter V Plan of Reorganization, as Modified (ECF Nos. 307, 360) under 11 U.S.C. §§ 1129 and 1191 (ECF No. 381). On May 30, 2025, the Debtor's Accountant, CBIZ,[1] filed its Final Application for Compensation (ECF No. 438). On June 23, 2025, the U.S. Trustee filed its statement of No Objection (ECF No. 459). During the course of the case, CBIZ appeared at hearings and demonstrably supported the Debtor in the management and disclosure of its financial affairs.

CBIZ filed its Interim Application for Compensation for CBIZ, Inc., as Financial Advisor (ECF No. 297) on March 17, 2025, seeking expenses totaling $109,680.00 and $0.00 in fees. A hearing was held on the Interim Application on April 22, 2025, at which the Debtor attested that CBIZ had really served as not only an accountant, but also a financial advisor. Further, the Debtor noted that now that CBIZ had successfully implemented new business processes at QSR, the goal moving forward was for CBIZ's role to gradually diminish as it assisted the Debtor's employees in assuming complete ownership of the new business processes. An Order Approving First Interim Application for Allowance of Compensation and Reimbursement of Expenses (ECF No. 384) was entered on April 29, 2025, awarding CBIZ the entirety of the fees and expenses sought.

On July 31, 2025, the Debtor surprisingly filed its Objection to Final Application of CBIZ as Accountants and Financial Advisors for Debtor (ECF No.

---

[1] Although Marcum LLP was originally approved as the Debtor's financial advisors and accountants (ECF No. 128), CBIZ, Inc. was substituted for Marcum LLP by Order of this Court (ECF No. 321) as Marcum LLP's predecessor-in-interest.

504), wherein the Debtor through its principal elaborated on various issues and concerns with the Final Application.

First, the Debtor argues that the Retention Application that CBIZ filed imposed a cap on any request for compensation at $100,000.00. The Debtor had already paid CBIZ, Inc. $109,680.00 after this Court granted CBIZ, Inc's Interim Fee Application (ECF No. 297 & 300) on April 29, 2025. (ECF No. 384) Accordingly, the Debtor believes CBIZ's request for an additional $24,840.00 is unsupportable and that the Debtor should not be required to pay any additional fees.

Second, the Debtor contends that certain tasks that CBIZ should have completed remain outstanding. For example, the Debtor asserts that CBIZ failed to (i) complete "certain tax returns and advice concerning the accounting treatment of the corporate debt eliminated pursuant to the confirmed Plan"; (ii) "properly transition the responsibilities for the QSR engagement to other personnel at CBIZ and effectively left them without necessary financial support"; and (iii) implement certain financial policies and procedures that were to be provided as part of the bankruptcy engagement." The Debtor attributes these outstanding tasks to a breakdown in "the relationship between the Debtor's principal and CBIZ's primary point of contact . . . ."

Third, the Debtor asserts that, as CBIZ has refused to provide certain financial support on the basis that the Engagement Letter between the parties terminates the engagement as of December 31, 2024, the Debtor should similarly not be obligated to pay any fees incurred after January 1, 2025.

Fourth and finally, the Debtor alleges that CBIZ has failed to account for the $20,000.00 prepetition retainer that was paid to its predecessor-in-interest (Marcum, LLP) prior to the commencement of this bankruptcy case, as was required. The Debtor contends that even if the Court were to grant the Final Fee Application for $24,840.00, the only amount outstanding would really be $4,840.00 through the application of the retained funds.

CBIZ did not file a response to the Debtor's objection, appear at the hearing, or otherwise adduce any evidence to supports its Final Application and respond to the Debtor's grievances. Those allegations of deficient performance were not subjected to evidentiary presentation by the Debtor or examination by the Court.

A final hearing was held on August 7, 2025. The Debtor noted that service of its Objection had been made upon the assigned representative of CBIZ, Inc., and that no response was received. The Debtor noted, however, that CBIZ was reportedly planning to oppose the Objection. The Debtor represented that its principal, Mr. Glenn Salamone, had also tried to discuss the fees with CBIZ, to no avail. The Debtor reiterated the Objections it made (ECF No. 504) and requested disposition of its Objection by the Court.

The Court agrees that there is a contractual cap of $100,000.00 imposed in the Retention Application, but concludes an additional period of time is appropriate to allow CBIZ to file a Response to the Objection should it wish to adduce additional evidence refuting the Debtor's grievances.

Accordingly, it is hereby

**ORDERED:** The Final Application for Compensation (ECF No. 438) is APPROVED in part and DENIED in part as set forth herein; and further it is

**ORDERED:** The fees of CBIZ incurred in this matter shall be limited to the aggregate $100,000.00 cap imposed in the Retention Application; and further it is

**ORDERED:** The $109,680.00 in fees and expenses which CBIZ has received shall remain subject to disgorgement as a result of any potential failure to complete the tasks contemplated in the Retention Application and Engagement Letter, overpayment of fees, or a failure to credit or return the $20,000.00 retainer; and further it is

**ORDERED:** If the Debtor seeks further enforcement of this Order, disgorgement as provided herein, or other affirmative relief against CBIZ, it shall file a Supplemental Objection to the Final Application of CBIZ by September 3, 2025, delineating such claims with supporting legal authority, and appear to be heard at an evidentiary hearing thereon, along with any CBIZ Response, to be held in this Court on September 10, 2025, at 11:00 A.M.; and further it is

**ORDERED:** In the event that no Supplemental Objection is filed by the Debtor or CBIZ, the Final Fee Application will be deemed finally approved for the sums ($109,680.00 in fees and expenses and the $20,000.00 retainer) paid to CBIZ and no further relief shall be accorded to the Debtor or CBIZ.

IT IS SO ORDERED at Hartford, Connecticut this 21st day of August 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut