## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| QSR Steel Corporation, LLC, | Case No. 24-20562 (JJT) |
| Debtor. | Re: ECF Nos. 438, 527 |

## MEMORANDUM OF DECISION AND ORDER APPROVING IN PART AND DENYING IN PART FINAL APPLICATION FOR COMPENSATION

Before the Court is the Final Application for Compensation (Application, ECF No. 438) of the Debtor's Accountant, CBIZ, Inc. (CBIZ). The Court previously approved in part and denied in part the Application, but provided for the Debtor to file a supplemental objection and for CBIZ to respond (Preliminary Order, ECF No. 527).[1]

After the Debtor filed its Supplemental Objection on September 17, 2025 (ECF No 557), counsel for CBIZ appeared and requested additional time in order to file responsive papers. Following a stipulation of the parties, CBIZ filed an offer of proof on October 10, 2025 (ECF No. 583), with the Debtor responding one week later (ECF No. 594). After a review of the parties' submissions, the Court determines that no further hearing is necessary.

The Debtor rightly notes that CBIZ's[2] retention application (ECF No. 71) states that "[t]he maximum amount of compensation shall be $100,000, subject to

---

[1] The Court assumes the parties' familiarity with the Preliminary Order and the history discussed within it.

[2] Then known as Marcum LLP.

increase if necessary and approval by the Court." But in its interim application—filed by Debtor's counsel—CBIZ sought compensation in the amount of $109,680. With the Debtor's support, the Court approved the interim application (ECF No. 384) and the Debtor paid CBIZ the full amount requested.

The Debtor now complains that CBIZ should not have received more than $100,000 in compensation, despite supporting the interim application and paying the full amount.[3] Additionally, the Debtor argues that CBIZ's Application (which would include an additional $24,840 in compensation) should be denied because it exceeds the cap and CBIZ failed to perform several tasks outlined in its retention, including the failure to file 2024 taxes. Although the Debtor has stated that it is engaging other professionals to complete these tasks, it has delineated no damages with particularity.

The Debtor also complains that CBIZ has failed to account for a $20,000 retainer that was provided prepetition. In its response, CBIZ states that the retainer was used to pay down in part outstanding invoices for prepetition work. But the checks used to pay the retainer were issued *postpetition.* CBIZ's application stated that it had "agreed to advise and assist the Debtor in its chapter 11 cases under a pre-petition retainer the Debtor arranged to provide in the amount of $20,000.00[.]" Although the retainer was not paid until after the case was commenced, CBIZ's application explicitly noted that such was for work in the

---

[3] Although the Court could interpret these actions as a waiver of any argument against such additional compensation being necessary, the Court need not make such a determination for reasons discussed below.

Chapter 11 case.[4] Because the retainer was not earmarked for prepetition debts—

and CBIZ was fully compensated otherwise—CBIZ must return it.[5]

As for the additional $24,840 CBIZ seeks in the Application, the Court,

sensitive to the integrity and reliability of its orders, will enforce the cap and deny

any further compensation.[6] The Court will reaffirm the approval of interim fees in

the amount of $109,680, but will require the disgorgement of $9,680 as a reasonable

estimate of the amount the Debtor will pay to complete its 2024 tax returns and

other tasks left discerningly incomplete by CBIZ.[7] Accordingly, it is hereby

ORDERED: This Order supersedes the Preliminary Order; and it is further

ORDERED: The Application is approved with respect to the $109,680 that

were approved in the Court's prior order approving compensation but denied with

respect to the $24,840 of additional compensation sought in the Application; and it

is further

---

[4] The Debtor argues that this application of funds was a preference. But a preference requires a transfer *before* the petition. 11 U.S.C. §547(b)(4). The application of funds by CBIZ more closely resembles an unauthorized postpetition transfer. *See* 11 U.S.C. § 549. It may also have violated the automatic stay. *See* 11 U.S.C. § 362(a). Because the Court will order the disgorgement of the $20,000, no further action need be taken on this account.

[5] The prepetition invoices make CBIZ a prepetition creditor. Given that the proof of claim deadline has long since passed (ECF No. 11), the Court will not allow CBIZ to file any claim for any prepetition debts. The Court further notes that the application of the retainer to any prepetition fees was neither disclosed by CBIZ (or its predecessor) nor approved by this Court.

[6] *Cf. Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 163 (2d Cir. 2017) ("We are mindful that bankruptcy proceedings are a forum where finality of court orders is particularly important[.]") (citation and internal quotation marks omitted).

[7] Irrespective of fault, CBIZ would not necessarily be compensated further for performing any of the incomplete tasks. That the Debtor will now need to have others perform the work warrants a modest return of funds.

ORDERED: CBIZ shall return $29,680 to the Debtor within fourteen (14) days of this Order, representing disgorgement of the $20,000 retainer and $9,860 of compensation previously paid; and it is further

ORDERED: CBIZ shall certify its compliance with this Order on the docket of this case within twenty-one (21) days of the issuance of this Order.

Date: October 27, 2025
Hartford, Connecticut

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut